UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH MARTIN O/B/O/
PIETRINA MARTIN,

        Plaintiff,

   v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

Civil No. 05-6074-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Kenneth Martin on behalf of Pietrina Martin, deceased, brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act) as amended, 42 U.S.C. §1383(c)(3), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying Mrs. Martin's application for Social Security Disability

1 – OPINION AND ORDER

Insurance Benefits (DIB). Plaintiff alleges disability from September 1, 1993 until her death on September 14, 2004.

Plaintiff seeks an Order reversing the decision of the Commissioner and remanding this action for an award of benefits. Defendant concedes that the case requires a remand, but requests that this remand be for further proceedings. For the reasons stated below, this case is remanded for an immediate calculation of benefits.

**ANALYSIS**

In light of defendant's concession, the administrative history and plaintiff's medical history need not be reviewed here. As defendant concedes, this court is compelled to remand this action due to errors by the ALJ.

At the heart of this case is the ALJ's failure to credit properly plaintiff's testimony, the lay testimony of Kenneth Martin (Martin), and the relevant medical evidence. These errors compel that the case be remanded for an award of benefits.

Plaintiff's Testimony

Defendant argues that the ALJ did not err, based on the record that was before him, in evaluating plaintiff's credibility. However, defendant concedes that additional relevant testimony should have been considered in evaluating plaintiff's credibility.

In evaluating a plaintiff's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284.

In determining that subjective testimony is not credible, the ALJ may rely on (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (citation omitted).

If the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms that the plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may reject testimony regarding the severity of the plaintiff's symptoms only if there are clear and convincing reasons, supported by substantial evidence, for doing so. *Rollins*, 261 F.3d at 856. The proffered reasons must be adequately specific to permit a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit it. *Id.* at 856-57 (citation omitted).

3 – OPINION AND ORDER

In this case, plaintiff produced objective medical evidence of underlying impairments that could reasonably be expected to produce some degree of symptoms. Accordingly, the ALJ was required to provide clear and convincing reasons to reject her testimony. The ALJ failed to meet this burden.

The ALJ rejected plaintiff's testimony because her medical treatment was less than would be expected from a person faced with debilitating symptoms, the medications and dosages prescribed did not suggest severe disability, and she did not have a clear recollection of details such as her annual earnings in the late 1990's. Administrative Record (AR) at 22. Plaintiff sought treatment every few months for her symptoms. She was prescribed Daypro, Disalcid, Trazadone, Salsalate, and Tylenol for pain. AR 256, 265, 267. Her recollection of specific details such as how much she earned from specific jobs was poor, but poor recollection falls short of being clear and convincing evidence to reject her testimony regarding her symptoms.

<u>Lay Witness Testimony</u>

Martin testified that plaintiff could not perform any task for any length of time, he had to help her with any task she undertook, she could not finish mopping a floor, she had severe arthritis and could not thread a needle or fold clothes, her hands were swollen, she could not grip her fingers, her ankles were swollen, and she had severe asthma and breathing problems, AR 518-21.

In determining disability, an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006) (citations omitted). The ALJ must address lay testimony and, if rejecting it, must provide reasons that are germane to that particular witness. *Lewis v. Apfel*, 237 F.3d 503, 511 (9th Cir.

2001) (citation omitted). Here, as defendant concedes, the ALJ failed to discuss Martin's testimony or provide any reason for disregarding it.

### Medical Evidence

Defendant also concedes that the ALJ did not address all of the relevant medical evidence presented. The ALJ neglected to consider plaintiff's asthma, breathing problems, or recurrent bronchitis and did not consider whether her fatal illness of mesothelioma could have been the cause of some of her breathing problems during the relevant period.

### Remand for Further Proceedings or Award of Benefits

The only issue presented is whether to remand for further analysis or an award of benefits. A reviewing court has discretion to remand for further administrative proceedings or for an award of benefits. *See, e.g., Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000); *Smolen,* 80 F.3d at 1292. Further administrative proceedings are inappropriate when efforts to enhance the record would serve no useful purpose. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). A reviewing court should remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited. *Benecke*, 379 F.3d at 593 (citing *Harman*, 211 F.3d at 1178).

There is authority within the Ninth Circuit that in cases in which the ALJ's reasons for rejecting the evidence offered by the claimant are legally insufficient, and the record is clear that the claimant would be found disabled if the claimant's evidence were credited as true, a remand ordering the calculation and award of benefits is appropriate. *McCartey v. Massanari*, 298 F.3d

1072, 1076-77 (9th Cir. 2002) (crediting Veteran's Administration finding of disability as true and remanding for an award of benefits); *Smolen*, 80 F.3d at 1292 (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989)) (crediting treating physician's testimony and awarding benefits); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (crediting treating or examining physician's testimony and plaintiff's testimony as true and awarding benefits); *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir.1989) (crediting subjective symptom testimony and awarding benefits).

Here, it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence were credited, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further proceedings "would serve no useful purpose." *See Smolen*, 80 F.3d at 1292; *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits). When it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay the realization of the primary purpose of the Act. *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993).

Moreover, permitting the Commissioner an opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez*, 876 F.2d at 763 (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate). Allowing a "heads we win; tails, let's play again system of disability benefits adjudication" is unfair, and "would contribute to waste and delay and would provide no

incentive to the ALJ to fulfill [the] obligation to develop the record." *Benecke*, 279 F.3d at 595.

Here, the interests of justice are served by remanding for a payment of benefits.

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner finding plaintiff Pietrina Martin not disabled is reversed. This action is remanded for calculation of benefits.

IT IS SO ORDERED.

DATED this __29___ day of August, 2006.


                                  ___/s/Ancer L.Haggerty_____
                                            Ancer L. Haggerty
                                      United States District Judge